IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02471-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.

UNIVERSITY OF DENVER,

      Defendant.

---

## AMENDED COMPLAINT

---

### NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payments, and under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Professors Lucy Marsh, K.K. DuVivier, Nancy Ehrenreich, Sheila Hyatt, Kris McDaniel-Miccio, Joyce Sterling, Catherine Smith, Celia Taylor, and other female Full Law Professors who were or are adversely affected by Defendant University of Denver's unlawful compensation practices.  As alleged with greater particularity in the below, the Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant University of Denver discriminated

against female Full Law Professors by paying them substantially less than male Full Law Professors, despite performing work that was substantially equal, in violation of both the Equal Pay Act and Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 (the "EPA"), codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant University of Denver, a Colorado nonprofit corporation, has continuously been doing business in the State of Colorado and the City of Denver, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant University of Denver has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.      At all relevant times, Defendant University of Denver has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.      At all relevant times, Defendant University of Denver  has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j), has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been engaged in the operation of an institution of higher education.

8.      At all relevant times, Defendant University of Denver has employed Lucy Marsh, K.K. DuVivier, Nancy Ehrenreich, Sheila Hyatt, Kris McDaniel-Miccio, Joyce Sterling, Catherine Smith, and Celia Taylor.

## **CONDITIONS PRECEDENT**

9.      More than thirty days prior to the institution of this lawsuit, Lucy Marsh filed a charge with the Commission alleging violations of the Equal Pay Act and Title VII

by Defendant University of Denver.

      10.     The EEOC provided Defendant with notice of the charge.

      11.     The EEOC investigated the charge of discrimination.

      12.     On August 27, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant had violated Title VII and the EPA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

      13.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

      14.     The Commission was unable to secure from Defendant an agreement acceptable to the Commission through the conciliation process.

      15.     On May 6, 2016, the Commission issued to Defendant notice that conciliation had failed.

      16.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## **GENERAL ALLEGATIONS**

      17.     Defendant University of Denver is a private university in Denver, Colorado.

      18.     The University of Denver is made up of 13 undergraduate and graduate schools and colleges, including the University of Denver Sturm College of Law (hereinafter, the "Law School").

      19.     Charging Party Lucy Marsh (female) began working for Defendant full-time

in the fall of 1976 as an Assistant Law Professor at the Law School for an annual salary of $16,800.

20.     In the fall of 1976, Defendant also hired a male as an Assistant Law Professor at the Law School for an annual salary of $19,000.

21.     In fall 1982, Marsh was promoted to Full Law Professor at an annual salary of $37,320.

22.     In fall 1982, the male professor hired the same year as Marsh was also promoted to Full Law Professor at a salary of $40,500.

23.     As of October 2013, Marsh's annual salary was $111,977.

24.     Despite having worked for Defendants for over 37 years at the time, Marsh's annual salary in October 2013 was less than every one of the male full-time Full Law Professors, including many hired years after Marsh was hired.

25.     As of October 2013, the male professor hired the same year as Marsh was paid an annual salary more than $75,000 greater than Marsh's annual salary.

26.     Currently, Marsh's annual salary is $115,998.

27.     Upon information and belief, the male professor hired the same year as Marsh continues to be paid significantly more than Marsh.

28.     As of October 2013, excluding the Law School Dean at the time, Defendant University of Denver employed twenty-five Full Professors.

29.     As of October 2013, excluding the Law School Dean at the time, Defendant University of Denver employed 16 male Full Professors.

30.     As of October 2013, Defendant University of Denver employed nine

female Full Professors.

31.     As of October 2013, the mean annual salary for female Full Law Professors was approximately $139,940.

32.     As of October 2013, the mean annual salary for male Full Law Professors was approximately $159,721.

33.     As of October 2013, the difference between the mean annual salary for male Full Law Professors and female Full Law Professors was approximately $19,781.

34.     As of October 2013, no female Full Professor earned an annual salary greater than the mean annual salary for male Full Law Professors.

35.     As of October 2013, the disparity between the mean salaries for male and female Full Law Professors is statistically significant.

36.     At all relevant times, all Full Law Professors have performed substantially equal work, considering the skills, effort, and responsibilities of the job, under similar working conditions.

37.     Since at least September 30, 2013, all Full Law Professors were subject to the same Promotion and Tenure Procedures.

38.     Defendant considers the Promotion and Tenure Procedures to be the job description for all Full Law Professors.

39.     Under the Promotion and Tenure Procedures, all Full Law Professors are responsible for teaching courses, producing legal scholarship, and providing service to the university, the public, and the legal profession.

40.     Since at least September 30, 2013, all Full Law Professors have been

evaluated on the same standards, measuring their teaching, scholarship, and service.

41.     All Full Law Professors are employed at the Law School, under similar working conditions.

42.     In December 2012, the Dean of the Law School, Martin Katz, authored a memorandum regarding the allocation of raises pursuant to a Faculty Salary Competitiveness Initiative.

43.     In the December 2012 memorandum, Katz admitted the salary disparity between male and female Full Law Professors as follows:

      a.     "The median salary for female Full Professors was $7,532 less than that for males before this round of raises and $11,282/year less than that of males after this round of raises."

      b.     "The mean salary for female Full Professors was $14,870/year less than that for males before this round of raises and $15,859/year less than that for males after this round of raises."

44.     In the memorandum, Katz offered to provide an "individualized analysis" of "whether a salary gap reflects inequity" for "anyone who would like."

45.     In January 2013, Marsh met with Katz to discuss the pay disparity between male and female Full Law Professors.

46.     At the meeting, Marsh asked Katz for specific data on the faculty salaries.

47.     Katz informed Marsh that she was the lowest paid Full Law Professor at the law school.

48.     Katz refused to provide Marsh with any salary data for the Law School

faculty.

49.     When Marsh asked Katz what was going to be done about adjusting her salary, Katz replied "nothing."

50.     Katz subsequently held a meeting with several female Full Law Professors, including K.K. DuVivier, Nancy Ehrenreich, Joyce Sterling, Catherine Smith, and Celia Taylor, regarding the pay disparity between male and female Full Law Professors.

51.     At the meeting, Katz speculated to the female Full Law Professors present that female Full Law Professors may be paid less because they were not performing as well as male Full Professors.

52.     Upon information and belief, at the time of the meeting, Katz had not conducted any investigation into the reason(s) for the pay disparity.

53.     After the meeting, Katz did not adjust the salary of any female Full Law Professor in response to the pay disparity between male and female Full Law Professors.

54.     Upon information and belief, excluding the current Law School Dean, Defendant University of Denver currently employs 31 Full Law Professors.

55.     Upon information and belief, excluding the current Law School Dean, Defendant University of Denver currently employs 18 male Full Law Professors.

56.     Upon information and belief, Defendant University of Denver currently employs 13 female Full Law Professors.

57.     Upon information and belief, Defendant continues to pay female Full Law

Professors significantly less than it pays male Full Law Professors.

## STATEMENT OF CLAIMS

### First Claim for Relief

**[Title VII Compensation Discrimination – 42 U.S.C. § 2000e-2(a)]**

58.     The allegations contained in the foregoing paragraphs are incorporated by reference.

59.     Defendant University of Denver has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by discriminating against female Full Law Professors with respect to their compensation because of their sex, female.

60.     Female Full Professors occupy jobs similar to those of higher-paid male Full Law Professors.

61.     The effects of the practices complained of above has been to deprive Marsh, DuVivier, Ehrenreich, Hyatt, McDaniel-Miccio, Sterling, Smith, Taylor, and other female Full Law Professors of equal employment opportunities and otherwise adversely affect their employment status because of their sex, female.

62.     The unlawful employment practices complained of above were and are intentional.

63.     The unlawful employment practices complained of above were and are being done with malice or with reckless indifference to the federally protected rights of Marsh, DuVivier, Ehrenreich, Hyatt, McDaniel-Miccio, Sterling, Smith, Taylor, and other female Full Law Professors.

**Second Claim for Relief**

**[Violation of the Equal Pay Act – 29 U.S.C. §§ 206(d)(1) & 215(a)(2)]**

64.     The allegations contained in the foregoing paragraphs are incorporated by reference.

65.     Defendant University of Denver has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying female Full Law Professors wages at a rate less than the rate at which it pays male Full Law Professors.

66.     At all relevant times, female Full Law Professors have performed work that was and is substantially equal to that of male Full Law Professors considering the skills, effort, and responsibilities of the job. At all relevant times, female Full Law Professors have worked under conditions similar to male Full Law Professors.

67.     At all relevant times, Defendant has paid and continues to pay female Full Law Professors at lower rates than male Full Professors.

68.     As a result of the acts complained of above, Defendant University of Denver unlawfully has withheld and is continuing to withhold the payment of wages due to Marsh, DuVivier, Ehrenreich, Hyatt, McDaniel-Miccio, Sterling, Smith, Taylor, and other female Full Law Professors.

69.     The unlawful practices complained of above were and are willful.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant University of Denver, its officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with it, from engaging in compensation discrimination based on sex.

B.      Grant a permanent injunction enjoining Defendant University of Denver, its officers, successors, assigns and all persons in active concert or participation with them, from paying wages to employees of one sex at rates less than the rates at which they pay employees of the opposite sex for substantially equal work, considering the skills, effort, and responsibilities of the jobs, under similar working conditions.

C.      Order Defendant University of Denver to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

D.      Grant a judgment requiring Defendant University of Denver to pay appropriate back pay wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including Marsh, DuVivier, Ehrenreich, Hyatt, McDaniel-Miccio, Sterling, Smith, Taylor, and other female Full Law Professors.

E.      Order Defendant University of Denver to make whole Lucy Marsh, K.K. DuVivier, Nancy Ehrenreich, Sheila Hyatt, Kris McDaniel-Miccio, Joyce Sterling, Catherine Smith, Celia Taylor and other female Full Law Professors, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay in the form of prospective salary increases for Marsh, DuVivier, Ehrenreich, Hyatt, McDaniel-Miccio, Sterling,  Smith,

Taylor, and other female Full Law Professors.

F.     Order Defendant University of Denver to make whole those employees whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

G.     Order Defendant University of Denver to make whole Lucy Marsh, K.K. DuVivier, Nancy Ehrenreich, Sheila Hyatt, Kris McDaniel-Miccio, Joyce Sterling, Catherine Smith, Celia Taylor, and other female Full Law Professors by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

K.     Order Defendant University of Denver to make whole Lucy Marsh, K.K. DuVivier, Nancy Ehrenreich, Sheila Hyatt, Kris McDaniel-Miccio, Joyce Sterling, Catherine Smith, Celia Taylor, and other female Full Law Professors by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

L.     Order Defendant University of Denver to pay Lucy Marsh, K.K. DuVivier, Nancy Ehrenreich, Sheila Hyatt, Kris McDaniel-Miccio, Joyce Sterling, Catherine Smith, Celia Taylor, and other female Full Professors punitive damages for its malicious conduct or reckless indifference to their federally protected rights, as described above, in amounts to be determined at trial.

M.     Grant such further relief as the Court deems necessary and proper in the

public interest.

N.    Award the Commission its costs of this action.


DATED:  January 3, 2017

RESPECTFULLY SUBMITTED,


*/s/ Michael Imdieke*
MICHAEL IMDIEKE
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 E 17th Avenue, Suite 410
Denver, CO 80203
Phone: (303)-866-1320
Email: michael.imdieke@eeoc.gov

Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on January 3, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following email addresses:

Jim Goh, Esq.
Steven Moore, Esq.
LaLonnie Gray, Esq.
Constangy, Brooks, Smith & Prophete, LLP
600 17th Street, Suite 2700-S
Denver, CO 80202
Tel: 720.343.7570
Fax: 720.343.7571
jgoh@constangy.com
smoore@constangy.com
lgray@constangy.com

**Attorneys for Defendants**

s/ *Michael Imdieke*
Trial Attorney