IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-02471-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

 Plaintiff,

v.

UNIVERSITY OF DENVER,

 Defendant.

## ANSWER TO AMENDED COMPLAINT

Defendant University of Denver ("DU"), through its attorneys, Constangy, Brooks, Smith & Prophete, LLP, hereby submits its Answer to Plaintiff EEOC's Amended Complaint as follows:

### NATURE OF THE ACTION

Defendant University of Denver admits that the EEOC purports to bring claims and seek relief under Title VII of the Civil Rights Act of 1964 and the Equal Pay Act (incorrectly identified in the Amended Complaint as Title I of the Civil Rights Act of 1991); denies the EEOC's allegations that it paid employees of one sex at a rate less than employees of the opposite sex in violation of the referenced statutes; further denies that it violated any laws or committed any wrongdoing with respect to its compensation decisions or any other decisions affecting compensation with respect to the identified individuals ("the claimants") or any other employees; and except as is expressly admitted herein, each and every allegation in the EEOC's introductory section is denied.

## JURISDICTION AND VENUE

1. DU admits that Plaintiff purports to invoke the jurisdiction of the Court pursuant to the cited statutes, denies that it committed any violation of the referenced statutes or any other laws; and except as is expressly admitted herein, each and every allegation of paragraph 1 is denied.

2. DU admits that venue is proper in the District of Colorado.

## PARTIES

3. DU admits that the EEOC is the federal agency charged with the administration, interpretation and enforcement of the referenced statutes; and except as is expressly admitted herein, each and every allegation of paragraph 3 is denied.

4. DU admits the allegations in paragraph 4.

5. DU admits the allegations in paragraph 5.

6. DU admits the allegations in paragraph 6.

7. DU admits the allegations in paragraph 7.

8. DU admits the allegations in paragraph 8.

## CONDITIONS PRECEDENT

9. DU admits that Lucy Marsh filed a charge of discrimination with the EEOC more than 30 days prior to the filing of this lawsuit; and denies the allegations in the EEOC charge.

10. DU admits that it was provided with a copy of the charge.

11. DU admits that the EEOC reviewed some documents and interviewed a few witnesses as part of its investigation; states that the investigation was inadequate; and except as is expressly admitted herein, each and every allegation of paragraph 11 is denied.

12. DU admits that the EEOC issued a determination letter; states that the letter speaks for itself; further admits that DU participated in informal methods of conciliation in an attempt to reach an amicable resolution; denies that it committed any unlawful employment practice; and except as is expressly admitted herein, each and every allegation of paragraph 12 is denied.

13. DU admits that the EEOC and DU engaged in communications in an attempt to resolve this dispute; denies that it committed any alleged discriminatory practices; and except as is expressly admitted herein, each and every allegation of paragraph 13 is denied.

14. DU admits that the EEOC's conciliation process did not result in an agreement or resolution; states that the parties were still in the process of negotiating an agreement when the EEOC prematurely and unreasonably terminated the conciliation process; and except as is expressly admitted herein, each and every allegation of paragraph 14 is denied.

15. DU admits that the EEOC issued a notice to DU declaring that the conciliation process had failed; states that the conciliation was prematurely and unreasonably terminated; and except as is expressly admitted herein, each and every allegation of paragraph 15 is denied.

16. DU denies the allegations in paragraph 16.

## **GENERAL ALLEGATIONS**

17. DU admits the allegations in paragraph 17.

18. DU admits that the University of Denver is made up of undergraduate and graduate schools and colleges, including the Law School.

19. DU admits the allegation in paragraph 19, except that the referenced job title was Assistant Professor.

20. DU admits the allegations in paragraph 20, except that the referenced job title was Assistant Professor.

21. DU admits the allegations in paragraph 21.

22. DU admits the allegations in paragraph 22.

23. DU admits the allegations in paragraph 23.

24. DU denies the allegations in paragraph 24.

25. DU admits the allegations in paragraph 25.

26. DU admits the allegations in paragraph 26.

27. DU admits that the referenced male professor currently earns more than Marsh; and except as is expressly admitted herein, each and every allegation of paragraph 27 is denied.

28. DU admits the allegations in paragraph 28.

29. DU admits the allegations in paragraph 29.

30. DU admits the allegations in paragraph 30.

31. DU admits the allegations in paragraph 31.

32. DU admits the allegations in paragraph 32.

33. DU admits the allegations in paragraph 33.

34. DU admits the allegations in paragraph 34, and states that the EEOC's computation does not take into account any of the performance criteria under which all Full Professors are measured.

35. DU denies the allegations in paragraph 35.

36. DU denies the allegations in paragraph 36.

37. DU admits that all Full Professors are subject to DU's promotion and tenure procedures; states that the procedures are amended from time to time; and except as is expressly admitted herein, each and every allegation of paragraph 37 is denied.

38. DU denies the allegations in paragraph 38.

39. DU admits the allegations in paragraph 39; and states that each Full Professor's performance in the identified categories differs qualitatively and quantitatively from one individual to the next.

40. DU admits the allegations in paragraph 40.

41. DU denies the allegations in paragraph 41.

42. DU admits the allegations in paragraph 42.

43. DU states that the referenced memorandum speaks for itself.

44. DU states that the referenced memorandum speaks for itself.

45. DU denies the allegations in paragraph 45.

46. DU admits the allegations in paragraph 46.

47. DU denies the allegations in paragraph 47.

48. DU admits that Dean Katz declined to provide Marsh with salary data pertaining to other faculty; and except as is expressly admitted herein, each and every allegation of paragraph 48 is denied.

49. DU denies the allegations in paragraph 49.

50. DU admits that Dean Katz met with several female Full Professors subsequent to his meeting with Marsh; and except as is expressly admitted herein, each and every allegation of paragraph 50 is denied.

51. DU denies the allegations in paragraph 51.

52. DU denies the allegations in paragraph 52.

53. DU denies the allegations in paragraph 53.

54. DU denies the allegations in paragraph 54.

55. DU denies the allegations in paragraph 55.

56. DU denies the allegations in paragraph 56.

57. DU denies the allegations in paragraph 57.

## STATEMENT OF CLAIMS

### First Claim for Relief
### [Title VII Compensation Discrimination – 42 U.S.C. § 2000e-2(a)]

58. DU incorporates its answers and responses in the foregoing paragraphs.

59. DU denies the allegations in paragraph 59.

60. DU denies the allegations in paragraph 60.

61. DU denies the allegations in paragraph 61.

62. DU denies the allegations in paragraph 62.

63. DU denies the allegations in paragraph 63.

### Second Claim for Relief
### [Violation of the Equal Pay Act – 29 U.S.C. §§ 206(d)(1) & 215 (a)(2)]

64. DU incorporates its answers and responses in the foregoing paragraphs.

65. DU denies the allegations in paragraph 65.

66. DU denies the allegations in paragraph 66.

67. DU denies the allegations in paragraph 67.

68. DU denies the allegations in paragraph 68.

69. DU denies the allegations in paragraph 69.

**PRAYER FOR RELIEF**

DU denies that Plaintiff is entitled to any of the relief or remedies requested in paragraphs A through N in this section.

**ANSWER TO ALL ALLEGATIONS**

Each and every allegation not expressly admitted herein is denied.

**FIRST DEFENSE**

Plaintiff fails to state any claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claim under the EPA fails because Plaintiff cannot establish that the claimants received lower wages and compensation than other similarly-situated male employees for equal work requiring equal skill, duties, supervision, effort, and responsibility.

**THIRD DEFENSE**

To the extent Plaintiff establishes that the claimants were paid at a rate less than the rate at which DU paid wages to male employees for equal work, the performance of which requires equal skill, effort, and responsibility, and which were performed under similar working conditions (which DU expressly denies), any such differential was because of a merit system; and/or based on one or more factors other than sex.

**FOURTH DEFENSE**

The employment actions taken by DU with respect to the claimants were based solely on legitimate, non-discriminatory factors. DU denies that gender or any impermissible factor played any role in any of DU's performance, promotion, or compensation policies, procedure or practices.

Alternatively, in the event that the Court or a jury ever were to conclude that gender was a motivating factor in any employment decisions challenged by Plaintiff (which DU denies), DU affirmatively avers that the same decisions would have been made for legitimate business reasons and without consideration of gender.

**FIFTH DEFENSE**

Plaintiff's Title VII claim is barred as to any claimant who has failed to exhaust her administrative remedies.

**SIXTH DEFENSE**

Plaintiff's claims are barred or limited by the applicable statutes of limitation.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the claimants failed to take advantage of preventative or corrective opportunities provided by DU, or otherwise failed to avoid harm.

**EIGHTH DEFENSE**

DU's policies, procedures, or practices related to compensation are lawful because they are job-related for the position in question and bear a significant relationship to a significant business objective of DU.

**NINTH DEFENSE**

Any claims by Plaintiff, including claims for punitive damages, are barred because DU has taken good faith measures to comply with the applicable laws, including by enacting policies and procedures for addressing and remedying complaints of alleged discrimination and promulgating, enforcing, and providing training on those policies and procedures in the workplace.

**TENTH DEFENSE**

Any claims for relief for lost earnings and/or benefits must be set off and reduced by any payments, compensation, or benefits received by the claimants.

**ELEVENTH DEFENSE**

Plaintiff's claims for liquidated and/or punitive damages are foreclosed by virtue of Defendant's good faith and reasonable belief that its actions were consistent with, and not in violation of, the applicable laws.

**TWELFTH DEFENSE**

DU is not liable for punitive damages under Title VII because any employee who allegedly discriminated against the claimants was not a "managerial agent" for DU and/or was not acting within the scope of his or her employment.

**THIRTEENTH DEFENSE**

Plaintiff's claims for damages are barred to the extent that said claims are speculative in nature and/or based on a hypothetical comparator.

**FOURTEENTH DEFENSE**

The claimants have failed to comply with their duty to mitigate alleged losses, if any (their entitlement to recovery of which is expressly denied).

**FIFTEENTH DEFENSE**

Some or all of Plaintiff's claims are barred by the equitable doctrine of laches, waiver, estoppel, release, unclean hands, and/or after acquired evidence.

WHEREFORE, Defendant University of Denver requests that Plaintiff's Amended Complaint be dismissed with prejudice, and that Defendant be awarded its reasonable fees and costs and any other relief deemed appropriate by the Court.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 17th day of January, 2017.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*s/ Jim Goh*
Jim Goh
Steven Moore
LaLonnie Gray
600 17th Street, Suite 2700S
Denver, CO 80202
Telephone: 720-343-7533
Facsimile: 720-343-7571
jgoh@constangy.com
smoore@constangy.com
lgray@constangy.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2017, I electronically filed the foregoing **ANSWER TO AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

>Michael Imdieke
>michael.imdieke@eeoc.gov
>
>Karl Tetzlaff
>karl.tetzlaff@eeoc.gov
>
>Blaine P. Kerr
>kerr@hbcboulder.com
>
>Jonathan B. Boonin
>boonin@hbcboulder.com
>
>Lauren E. Groth
>groth@hbcboulder.com

>>*s/ Janis Creekmore*
>>Janis Creekmore