**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-CV-02471-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

LUCY MARSH,
K.K. DuVIVIER
NANCY EHRENREICH,
KRIS McDANIEL-MICCIO,
CATHERINE SMITH, and
JOYCE STERLING

Intervenors,

v.

UNIVERSITY OF DENVER,

Defendant.

---

**ANSWER TO AMENDED COMPLAINT IN INTERVENTION**

---

Pursuant to F.R.C.P. 15(a)(1), Defendant University of Denver ("DU"), through its attorneys, Constangy, Brooks, Smith & Prophete, LLP, hereby submits its Answer to Amended Complaint in Intervention of K.K. DuVivier, Nancy Ehrenreich, Kris McDaniel-Miccio, Catherine Smith and Joyce Sterling ("Present Intervenors") as follows:

**INTRODUCTION**

1. DU admits that this action is brought by the EEOC to seek redress for alleged sex-based pay disparity on behalf of the female Full Law Professors identified in the caption; but denies that it has engaged in pay discrimination on the basis of gender or any protected characteristics.

DU further admits that the EEOC issued a cause determination based on the cited statutes, and filed this lawsuit on September 30, 2016; but denies that the EEOC's determination was reasonable or supported by the evidence. Except as expressly admitted herein, each and every allegation of paragraph 1 is denied.

**PARTIES**

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

**JURISDICTION AND VENUE**

7. DU admits that Present Intervenors purport to invoke the jurisdiction of this Court pursuant to cited statutory authority; denies that it has committed any violation of the cited statutes or any other laws; and except as is expressly admitted herein, each and every allegation of paragraph 7 is denied.

8. DU admits that venue is proper in this judicial district; denies that it has engaged in any unlawful employment practices or conduct; and except as is expressly admitted herein, each and every allegation of paragraph 8 is denied.

9. Admitted.

**SPECIFIC ALLEGATIONS**

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. DU admits the allegations in paragraph 15, and states that each Full Professor's performance in the identified categories differs qualitatively and quantitatively from one individual to the next.

16. Denied.

17. DU admits that Lucy Marsh filed the referenced charge of discrimination; denies that it engaged in discrimination or violated any laws; and except as is expressly admitted herein, each and every allegation in paragraph 17 is denied.

18. DU admits that the EEOC identified 9 female Full Law Professors, including the Present Intervenors, whom it alleged were paid less than similarly-situated male Full Professors; denies that it committed any discrimination in its pay practices and policies; further denies that the EEOC's allegations are supported by the evidence; and except as is expressly admitted herein, each and every allegation of paragraph 18 is denied.

19. DU admits that the EEOC issued a cause determination on or about August 27, 2015; states that the referenced letter speaks for itself; denies that it committed any discrimination or violations of any laws; and except as is expressly admitted herein, each and every allegation of paragraph 19 is denied.

20. DU states that the referenced letter speaks for itself; denies the allegations herein; further denies that it committed any discrimination or violations of any laws; and except as is expressly admitted herein, each and every allegation of paragraph 20 is denied.

21. DU admits that the EEOC attached a Schedule A; states that the document speaks for itself; denies that it committed any discrimination or violation of any laws, or owes any damages to any of the listed individuals; and except as is expressly admitted herein, each and every allegation of paragraph 21 is denied.

22. DU admits the allegations of paragraph 22; but states that the EEOC prematurely and wrongfully terminated the conciliation process.

23. Denied.

**Plaintiff-Intervenor K.K. DuVivier**

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. DU admits that it hired a male professor around the same time as DuVivier, further admits that DuVivier had prior teaching experience; and except as is expressly admitted herein, each and every allegation in paragraph 28 is denied.

29. DU denies the allegations in paragraph 29.

30. Admitted.

31. DU admits that DuVivier served as the Director of DU's Lawyering Process Program until 2007; and except as is expressly admitted herein, each and every allegation in paragraph 31 is denied.

32. DU denies the allegations in paragraph 32.

33. Admitted.

34. DU admits that the individual who immediately succeeded DuVivier was granted course relief and an annual payment; and except as is expressly admitted herein, each and every allegation in paragraph 34 is denied.

35. Admitted.

36. DU admits that DuVivier has taught Civil Procedure to first-year law students and the other referenced courses; and except as is expressly admitted herein, each and every allegation in paragraph 36 is denied.

37. Admitted.

38. DU admits that DuVivier has participated in several national studies, including with the Law School Admissions Council; and except as is expressly admitted herein, each and every allegation in paragraph 38 is denied.

39. Admitted.

40. DU admits that DuVivier has been a Visiting Professor at the University of Houston Law Center and Lewis & Clark Law School and has taught renewable energy law at the University of Houston Law Center; and except as is expressly admitted herein, each and every allegation in paragraph 40 is denied.

41. DU admits that DuVivier is the sole author of Energy Law Basics and The Renewable Energy Reader, and except as is expressly admitted herein, each and every allegation in paragraph 41 is denied.

42. Admitted.

43. DU admits that DuVivier has authored 19 law review articles that have been published in journals such as Cardozo Law Review, Albany Law Review, Oregon Law Review,

University of Cincinnati Law Review, Temple Law Review, Idaho Law Review, and Wake Forest Law Review; and except as is expressly admitted herein, each and every allegation in paragraph 43 is denied.

44. Admitted.

45. Admitted.

46. Admitted.

47. DU admits that DuVivier was awarded a National Science Foundation research grant; and except as is expressly admitted herein, each and every allegation in paragraph 47 is denied.

48. DU is without knowledge or information sufficient to admit or deny the allegations in paragraph 48, and therefore denies them.

49. Admitted.

50. Admitted.

51. DU denies the allegations in paragraph 51.

52. DU admits that DuVivier served as the Chair of the Faculty Executive Committee from 2009 through 2011 and that she served as a committee member from 2013 through 2015; and except as is expressly admitted herein, each and every allegation in paragraph 52 is denied.

53. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 53, and therefore denies them.

54. DU admits that a male faculty member was selected as chair of the Adjunct Support Committee; and except as is expressly admitted herein, each and every allegation in paragraph 54 is denied.

55. DU admits that DuVivier requested the referenced committee assignment; and except as is expressly admitted herein, each and every allegation in paragraph 55 is denied.

56. DU admits that DuVivier has been a member of the American Law Institute since 2006; and except as is expressly admitted herein, each and every allegation in paragraph 56 is denied.

57. Admitted.

**Plaintiff-Intervenor Nancy Ehrenreich**

58. DU admits that Ehrenreich earned her B.A. Magna Cum Laude from Yale University and her J.D. and L.L.M. from University of Virginia School of Law; and except as is expressly admitted herein, each and every allegation in paragraph 58 is denied.

59. Admitted.

60. Admitted.

61. DU admits that Ehrenreich teaches Race, Class, and Reproductive Justice at DU; and except as is expressly admitted herein, each and every allegation in paragraph 61 is denied.

62. DU admits that Ehrenreich co-taught "University of Denver Battered Women's Clemency Reform Project" at DU in 1997 and 1998 and that the project obtained four grants of clemency; and except as is expressly admitted herein, each and every allegation in paragraph 62 is denied.

63. Admitted.

64. DU admits that Ehrenreich received the Law Stars teaching award in 2017; and states that it is without knowledge and information sufficient to admit or deny the remaining allegations in paragraph 64, and therefore denies them.

65. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 65, and therefore denies them.

66. DU admits that Ehrenreich has produced scholarly publications, blog posts, op-ed pieces, and magazine articles, and that Ehrenreich's publications have appeared in the Yale Law Journal, the Duke Law Journal, the Harvard Civil Rights-Civil Liberties Law Review, and the Michigan Journal of Race and Law; and except as is expressly admitted herein, each and every allegation in paragraph 66 is denied.

67. DU admits that Ehrenreich wrote The Reproductive Rights Reader: Law, Medicine, and the Construction of Motherhood, which was published in 2008 by NYU Press; and except as is expressly admitted herein, each and every allegation in paragraph 67 is denied.

68. DU admits that Ehrenreich was awarded a William F. Beaney Memorial Research Fellowship and the Hughes Rudd Fellowship; and except as is expressly admitted herein, each and every allegation in paragraph 68 is denied.

69. DU admits that Ehrenreich has served as Chair of the University of Denver Sexual Harassment Board, Lateral Appointments Committee, and Faculty Development Committee; a member of the Appointments Committee, Faculty Executive Committee, and several performance review committees charged with assessing her colleagues. DU also admits that Ehrenreich helped organize and plan a series of annual conferences at the Law School called the Legal Theory Symposium Series; and except as is expressly admitted herein, each and every allegation in paragraph 69 is denied.

70. Admitted.

71. Admitted.

72. DU admits that several male Full Professors currently are paid more than Ehrenreich; denies that it engaged in any discrimination or violation of any laws; and except as is expressly admitted herein, each and every allegation in paragraph 72 is denied.

**Plaintiff-Intervenor Kris McDaniel-Miccio**

73. Admitted.

74. Admitted.

75. DU admits that McDaniel-Miccio was a Visiting Clinical Professor of Law at Albany Law School and a tenured Associate Professor of Law, with tenure, at Western State University College of Law. As reflected in her current curriculum vitae, DU admits that McDaniel-Miccio was a Visiting Professor in the Department of Women Studies and Political Science at the University of New York.

76. Admitted.

77. DU admits that McDaniel-Miccio received tenure from DU in 2006. McDaniel-Miccio was promoted to Full Professor in 2010, not 2009.

78. Admitted.

79. DU admits that in 2012, Dean Marty Katz nominated McDaniel-Miccio for the University Scholar/Teacher of the Year Award, and wrote a supporting letter; states that the letter speaks for itself; and except as is expressly admitted herein, each and every allegation in paragraph 79 is denied.

80. DU admits that McDaniel-Miccio is a Fulbright Scholar, Marie Curie Transfer of Knowledge Scholar, Erasmus Mundus Scholar, Fulbright Senior Specialist, and Trinity Long Rom

Scholar; and except as is expressly admitted herein, each and every allegation in paragraph 80 is denied.

81. DU admits that it awarded McDaniel-Miccio the Hughes-Ruud Research Professorship, DU Public Good Grant, and DU Internationalization Grant; and except as is expressly admitted herein, each and every allegation in paragraph 81 is denied.

82. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 82, and therefore denies them.

83. DU admits that McDaniel-Miccio received dual appointments to the Equality Institute of University College, Dublin and the Trinity College Gender and Women Studies Program to continue her research on gender equality in the U.S. and Ireland; and except as is expressly admitted herein, each and every allegation in paragraph 83 is denied.

84. DU admits that McDaniel-Miccio was awarded the referenced award, which has been received by the identified individuals; and except as is expressly admitted herein, each and every allegation in paragraph 84 is denied.

85. DU admits McDaniel-Miccio has authored 22 law review published articles, seven of which are featured on the Law School's Faculty Highlights and Intellectual Life website, and three book chapters, including works peer reviewed for publication. DU further admits that McDaniel-Miccio's articles have been published in the Harvard Women's Law Journal, Columbia Human Rights Law Review, and Georgetown Journal of Gender and the Law; and except as is expressly admitted herein, each and every allegation in paragraph 85 is denied.

86. Admitted.

87. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 87, and therefore denies them.

88. Admitted.

89. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 89, and therefore denies them.

90. Admitted.

91. DU admits that McDaniel-Miccio been appointed to the District Court Advisory Council for the Denver District Court, and the New York State Court of Appeals Taskforce on Domestic Violence and Child Abuse Family; and testified before the U.S. Senate's Judiciary Committee; and the New York State Assembly's Codes Committee and Committee on Children and Families; and except as is expressly admitted herein, each and every allegation in paragraph 91 is denied.

92. Admitted.

93. DU admits that salary determinations are based on a host of factors, including number of years since graduation; and except as is expressly admitted herein, each and every allegation in paragraph 93 is denied.

94. DU states that the referenced memorandum speaks for itself; and except as is expressly admitted herein, each and every allegation in paragraph 94 is denied.

95. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 95, and therefore denies them.

**Plaintiff-Intervenor Joyce Sterling**

96. Admitted.

97. Admitted.

98. DU admits that Sterling has taught Torts, Legal Profession, History of American Law, Scientific Evidence, and Law and Society; and except as is expressly admitted herein, each and every allegation in paragraph 98 is denied.

99. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 99, and therefore denies them.

100. Admitted.

101. DU admits that Sterling was a Visiting Scholar at Stanford Law School, a Visiting Fellow at American Bar Foundation in Chicago, and a Visiting Professor at the University of Cincinnati College of Law and Southwestern Law School.

102. DU admits that Sterling's recent research has focused on the problems facing women in legal careers, including the persistent income gap between female lawyers and their male counterparts; and except as is expressly admitted herein, each and every allegation in paragraph 102 is denied.

103. Admitted.

104. Admitted.

105. Admitted.

106. Admitted.

107. DU admits that in 2016, Dean Marty Katz reduced the compensation amount of the Associate Dean of Faculty Scholarship from $20,000 to $15,000 when he increased the compensation amount of the Associate Dean of Inclusiveness and Diversity (held by Catherine

Smith) from $10,000 to $15,000; and except as is expressly admitted herein, each and every allegation in paragraph 107 is denied.

108. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 108, and therefore denies them.

109. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 109, and therefore denies them.

110. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 110, and therefore denies them.

111. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 111, and therefore denies them.

**Plaintiff-Intervenor Catherine Smith**

112. Admitted.

113. Admitted.

114. Admitted.

115. DU admits that Smith became the Associate Dean of Institutional Diversity and Inclusiveness; and except as is expressly admitted herein, each and every allegation in paragraph 115 is denied.

116. DU admits that the referenced position was among the first of its kind at DU; and except as is expressly admitted herein, each and every allegation in paragraph 116 is denied.

117. Admitted.

118. DU admits that Smith received the Most Engaging Professor and Most Outstanding Professor awards from the Law School's Student Bar Association in 2012; and except as is expressly admitted herein, each and every allegation in paragraph 118 is denied.

119. Admitted.

120. DU admits that Smith has been recognized for her scholarship on the rights of children, including in the publications referenced in paragraph 120(a)-(c), and except as is expressly admitted herein, each and every allegation in paragraph 120 is denied.

121. DU admits that Smith co-authored three amicus briefs on behalf of Scholars of the Constitutional Rights of Children that were filed in the U.S. Supreme Court cases, *U.S. v. Windsor* and *Obergefell v. Hodges* as well as a case in the Fifth Circuit; and except as is expressly admitted herein, each and every allegation in paragraph 121 is denied.

122. DU admits that Justice Kennedy cited the Scholars of the Constitutional Rights of Children's amicus brief in the majority opinion of *Obergefell*; and except as is expressly admitted herein, each and every allegation in paragraph 122 is denied.

123. DU admits that the Law School's Faculty Highlights and Intellectual Life website features three of Smith's recent publications and two of her recent presentations at Columbia Law School and Texas Southern University.

124. Admitted.

125. DU admits that Smith was a recipient of the Colorado Women's Bar Association Foundation's "Raising the Bar" Award in 2014, and the recipient of the Haywood Burns/Shanara Gilbert Award from the Northeast People of Color Legal Scholarship Conference in 2013, and states that the award speaks for itself.

126. Admitted.

127. DU is without knowledge and information sufficient to admit or deny the allegations in paragraph 127, and therefore denies them.

128. DU admits that Katz discussed compensation issues with the Provost, including Smith's stipend; and except as is expressly admitted herein, each and every allegation in paragraph 128 is denied.

129. DU admits that Smith received a one-time payment; and except as is expressly admitted herein, each and every allegation in paragraph 129 is denied.

130. DU admits that the one-time payment was deemed to be adequate compensation in light of the circumstances; and except as is expressly admitted herein, each and every allegation in paragraph 130 is denied.

**Defendant's Response to the Gender Pay Gap**

131. DU admits that Katz authored the referenced memo, states that the memo speaks for itself, and except as is expressly admitted herein, each and every allegation in paragraph 131 is denied.

132. Admitted.

133. DU denies the allegations in paragraph 133, but admits that average pay differential is not indicative of discrimination or a violation of the law.

134. DU denies the allegations in paragraph 134.

135. DU admits that Katz met with Smith, and had informed her that she was making more than several male colleagues; and except as is expressly admitted herein, each and every allegation in paragraph 135 is denied.

136. DU denies the allegations in paragraph 136.

137. DU admits that Smith was one of the aggrieved individuals identified in the EEOC's Letter of Determination, and except as is expressly admitted herein, each and every allegation in paragraph 137 is denied.

138. DU admits that it issued a statement in response to the referenced letter, and states that the statement speaks for itself.

139. DU states that the statement speaks for itself, and except as is expressly admitted herein, each and every allegation in paragraph 139 is denied.

140. DU denies the allegations in paragraph 140.

141. DU denies the allegations in paragraph 141.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

(Sex Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, against Defendant)

142. DU incorporates its responses in paragraphs 1 through 141 above.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## ANSWER TO ALL ALLEGATIONS

Each and every allegation not expressly admitted herein is denied.

## FIRST DEFENSE

Intervenors fail to state any claim upon which relief can be granted.

**SECOND DEFENSE**

The employment actions taken by DU with respect to Intervenors were based solely on legitimate, non-discriminatory factors. DU denies that gender or any impermissible factor played any role in any of DU's performance, promotion, or compensation policies, procedure, or practices. Alternatively, in the event that the Court or a jury ever were to conclude that gender was a motivating factor in any employment decisions challenged by Intervenors (which DU denies), DU affirmatively avers that the same decisions would have been made for legitimate business reasons and without consideration of gender.

**THIRD DEFENSE**

DU's policies, procedures, or practices related to compensation are lawful because they are job-related for the position in question and bear a significant relationship to a significant business objective of DU.

**FOURTH DEFENSE**

Intervenors claims for relief are barred or limited by the applicable statutes of limitation.

**FIFTH DEFENSE**

Intervenors' claims are barred, in whole or in part, because they failed to take advantage of preventative or corrective opportunities provided by DU, or otherwise failed to avoid harm.

**SIXTH DEFENSE**

Any claims by Intervenors, including claims for punitive damages, are barred because DU has taken good faith measures to comply with the applicable laws, including by enacting policies and procedures for addressing and remedying complaints of alleged discrimination and promulgating, enforcing, and providing training on those policies and procedures in the workplace.

**SEVENTH DEFENSE**

Any claims for relief for lost earnings and/or benefits must be set off and reduced by any payments, compensation, or benefits received by Intervenors.

**EIGHTH DEFENSE**

Intervenors' claims for liquidated and/or punitive damages are foreclosed by virtue of Defendant's good faith and reasonable belief that its actions were consistent with, and not in violation of, the applicable laws.

**NINTH DEFENSE**

DU is not liable for punitive damages under Title VII because any employee who allegedly discriminated against Intervenors was not a "managerial agent" for DU and/or was not acting within the scope of his or her employment.

**TENTH DEFENSE**

Intervenors' claims for damages are barred to the extent that their claims are speculative in nature and/or based on a hypothetical comparator.

**ELEVENTH DEFENSE**

Intervenors have failed to comply with their duty to mitigate alleged losses, if any (their entitlement to recovery of which is expressly denied).

**TWELFTH DEFENSE**

Some or all of Intervenors' claims are barred by the equitable doctrine of laches, waiver, estoppel, release, unclean hands, and/or after acquired evidence.

**THIRTEENTH DEFENSE**

Intervenors' claims are barred for failure to exhaust their administrative remedies.

WHEREFORE, Defendant University of Denver requests that Present Intervenors' Complaint be dismissed with prejudice, and that Defendant be awarded its reasonable fees and costs and any other relief deemed appropriate by the Court.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 25th day of September, 2017.

**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**

s/ Jim Goh
***Jim Goh***
***Steven W. Moore***
***LaLonnie Gray***
600 17th Street, Suite 2700S
Denver, CO 80202
Telephone: 720-343-7533
Facsimile: 720-343-7571
jgoh@constangy.com
smoore@constangy.com
lgray@constangy.com

*Attorneys for Defendant*

**Address of Defendant:**

Office of the Vice Chancellor for Legal Affairs
University of Denver
Mary Reed Building Room 101
2199 South University Blvd.
Denver, CO 80208

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2017 I electronically filed the foregoing **ANSWER TO AMENDEDED COMPLAINT IN INTERVENTION** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Michael Imdieke
Karl R. Tetzlaff
U.S. Equal Employment Opportunity Commission
michael.imdieke@eeoc.gov
karl.tetzlaff@eeoc.gov

Baine P. Kerr
Jonathan B. Boonin
Lauren E. Groth
Hutchinson Black and Cook, LLC
kerr@hbcboulder.com
boonin@hbcboulder.com
groth@hbcboulder.com

Jennifer Reisch
Equal Rights Advocates
jreisch@equalrights.org

Charlotte N. Sweeney
Joan M. Bechtold
Ariel B. DeFazio
Sweeney & Bechtold, LLC
cnsweeney@sweeneybechtold.com
jmbechtold@sweeneybechtold.com
abdefazio@sweeneybechtold.com

s/ Samantha Roth
***Samantha Roth, Paralegal***