**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02471-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

LUCY MARSH,
K.K. DuVIVIER,
NANCY EHRENREICH,
KRIS McDANIEL-MICCIO,
CATHERINE SMITH, and
JOYCE STERLING,

Intervenors,

v.

UNIVERSITY OF DENVER,

Defendant.

---

**UNOPPOSED MOTION OF CELIA TAYLOR TO INTERVENE AS PLAINTIFF PURSUANT TO FED. R. CIV. P. 24(a)(1)**

---

Celia Taylor ("Proposed Plaintiff-Intervenor") moves pursuant to Fed. R. Civ. P. 24(a)(1) to intervene in this matter as a party plaintiff and, in support, states as follows:

1. **D.C.COLO.LCivR. 7.1 Certification:** Undersigned counsel have conferred with counsel for the U.S. Equal Employment Opportunity Commission ("EEOC") and Plaintiff-Intervenor Marsh, neither of whom object to the relief sought in this motion. Without waiving any of its defenses, including the failure to exhaust administrative remedies, Defendant University of Denver ("DU") also does not oppose this motion.

## I. Procedural History

2. Proposed-Intervenor Celia Taylor and five of the listed Intervenors in this case – DuVivier, Ehrenreich, Marsh, McDaniel-Miccio, and Smith – are all tenured full professors at DU's Sturm College of Law ("Law School"). Intervenor Joyce Sterling was a tenured full professor through early 2017.

3. In July 2013, Lucy Marsh filed a charge of discrimination with the EEOC in which she claimed that she and other female tenured full professors at the Law School ("Full Law Professors") were being paid less than their male counterparts in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Equal Pay Act.

4. Over the course of its administrative investigation, the EEOC identified several female Full Law Professors who it considered to be aggrieved employees; this included Proposed Plaintiff-Intervenor Taylor.

5. In August 2015, the EEOC issued a Letter of Determination, in which it found reasonable cause to believe that DU violated Title VII and the Equal Pay Act by compensating its female Full Law Professors less than similarly-situated males.

6. The EEOC attached a Schedule A to its Letter of Determination in which it listed nine persons aggrieved, including the listed Intervenors and Taylor, along with an estimate of their damages, including backpay and liquidated damages.

7. The EEOC filed the present lawsuit on September 30, 2016 on behalf of Marsh and seven female professors, including Taylor, as well as "other female Full Law Professors who were or are adversely affected by Defendant University of Denver's unlawful compensation practices." (Doc. 1, ¶ 1)

8. On December 28, 2016, Marsh filed a Motion to Intervene as of Right as Party Plaintiff (Doc. 11) that this Court granted on January 23, 2017 (Doc. 25).

9. On June 16, 2017, Ehrenreich, McDaniel-Miccio, and Smith filed a Motion to Intervene as Plaintiffs (Doc. 46) that this Court granted on June 28, 2017 (Doc. 49).

10. On August , 2017, DuVivier and Sterling filed a Motion to Intervene as Plaintiffs (Doc. 56) that this Court granted on August 23, 2017 (Doc. 63).

11. As of the date of this motion, DuVivier, Ehrenreich, Marsh, McDaniel-Miccio, Smith, and Taylor are still employed as Full Law Professors by DU. Intervenor Sterling was employed as a Full Law Professor by DU through early 2017.

## II. Motion to Intervene

12. Fed. R. Civ. P. 24(a)(1) provides that "[o]n timely motion, the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute."

13. "Title VII allows an aggrieved employee to intervene when the EEOC sues the employer." *EEOC v. PJ Utah, LLC*, 822 F.3d 536, 538 (10th Cir. 2016) (*citing* 42 U.S.C. § 2000e-5(f)(1)).

14. Although Taylor did not file an individual charge of discrimination with the EEOC, she may still opt in to this suit pursuant to the "single-filing rule." Pursuant to this rule, a plaintiff may "piggyback" on an EEOC complaint provided that she is similarly situated to the charging party and that the EEOC charge that was filed "gave the employer notice of the collective or class-wide nature of the charge." *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223 (5th Cir. 1995) (holding that the policy behind the single-filing rule is that "it would be wasteful, if not vain, for

numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC"). Both requirements are met here.

15. First, there is no question that Taylor is similarly situated to the original charging party, Marsh, given that both women hold the same position and have been subjected to the same pattern and practice of sex-based compensation discrimination by their mutual employer.

16. Second, Marsh's July 2013 charge of discrimination included allegations that DU was paying both her and other female Full Law Professors less than similarly-situated men. Thus, DU was put on notice as to the collective or class-wide nature of the pay disparity claim. *EEOC v. Albertson's LLC*, 579 F.Supp.2d 1342, 1346 (D. Colo. 2008).

17. Furthermore, Taylor was specifically identified by the EEOC during the course of its administrative investigation, in the Letter of Determination and conciliation process, and in the EEOC's Complaint and Amended Complaint. As such, DU was made aware of the nature and scope of Taylor's claims. *Id.* (granting motions to intervene for several former employees, including four who the EEOC specifically identified in its complaint and who did not file individual charges).

18. The timeliness of this Motion should not bar Taylor's ability to intervene in this matter. In assessing the timeliness of a motion to intervene, courts "should allow intervention where no one would be hurt and greater justice could be obtained." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotations omitted).

19. Here, where only limited written discovery and no depositions have taken place and the parties have already sought and received extensions of discovery and related deadlines (*see* Docs. 36, 41, 52), there is no danger that any existing party will be prejudiced by Taylor's

addition to the suit. *Clinton*, 255 F.3d at 1250 (*quoting Sierra Club v. Espy*, 18 F.3d at 1205 (5th Cir. 1994) ("the requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.")).

20. Leave to file an amended complaint in intervention "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Refusing leave "is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993). None of these circumstances are present here.

## III. Conclusion

Wherefore, Proposed Plaintiff-Intervenor Celia Taylor respectfully requests that the Court issue an order granting her leave to intervene in this matter as a party plaintiff and accepting her Second Amended Complaint in Intervention as filed as of the date of the Court's order.

Respectfully submitted September 28, 2017.

By: SWEENEY & BECHTOLD, LLC

s/Charlotte N. Sweeney
650 S. Cherry St., Ste. 700
Denver, CO 80246
Telephone: (303) 865-3733
cnsweeney@sweeneybechtold.com

s/Joan M. Bechtold
650 S. Cherry St., Ste. 700
Denver, CO 80246
Telephone: (303) 865-3733
jmbechtold@sweeneybechtold.com

s/Ariel B. DeFazio
650 S. Cherry St., Ste. 700
Denver, CO 80246
Telephone: (303) 865-3733
abdefazio@sweeneybechtold.com

ATTORNEYS FOR INTERVENORS DuVIVIER, EHRENREICH, McDANIEL-MICCIO, SMITH, AND STERLING AND PROPOSED PLAINTIFF-INTERVENOR TAYLOR

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, a true and correct copy of the foregoing was served via electronic mail to the following addresses:

Jim Goh
Steven W. Moore
LaLonnie Gray
Constangy, Brooks, Smith & Prophete, LLP
JGoh@constangy.com
SMoore@constangy.com
LGray@constangy.com
*Attorneys for Defendant*

Michael Imdieke
Karl Tetzlaff
Michael.Imdieke@eeoc.gov
Karl.Tetzlaff@eeoc.gov
Wasan.Awad@eeoc.gov
*Attorneys for EEOC*

Baine P. Kerr
Jonathan B. Boonin
Lauren E. Groth
Hutchinson Black and Cook, LLC
kerr@hbcboulder.com
boonin@hbcboulder.com
groth@hbcboulder.com

Jennifer Reisch
Equal Rights Advocates
jreisch@equalrights.org
*Attorneys for Plaintiff-Intervenor Lucy Marsh*

*s/ Ashley Rodriguez*
Ashley Rodriguez