IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 16-cv-02471-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

LUCY MARSH,
K.K. DuVIVIER.
NANCY EHRENREICH,
KRIS McDANIEL-MICCIO,
CATHERINE SMITH, and
JOYCE STERLING,

Intervenors,

v.

UNIVERSITY OF DENVER,

Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on the Unopposed Motion of Celia Taylor to Intervene as Plaintiff Pursuant to Fed. R. Civ. P. 24(a)(1) filed September 28, 2017. For the reasons stated below, this motion is granted.

Fed. R. Civ. P. 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute." "Title VII allows an aggrieved employee to intervene when the EEOC sues the employer." *EEOC v. PJ Utah, LLC*, 822 F.3d 536, 538 (10th Cir. 2016) (citing 42 U.S.C. § 2000e-5(f)(1)). Although proposed Plaintiff-Intervenor did not file individual charges

of discrimination with the EEOC, she may still opt in to this suit pursuant to the “single-filing rule.” Pursuant to this rule, plaintiffs may “piggyback” on an EEOC complaint provided that they are similarly situated to the charging party and that the EEOC charge that was filed “gave the employer notice of the collective or class-wide nature of the charge.” *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1110 (10th Cir. 2001). I find these requirements are met.

First, the proposed Plaintiff-Intervenor is similarly situated to the original charging party, Lucy Marsh, given that she holds the same position and has allegedly being subjected to the same pattern and practice of sex-based compensation discrimination by their mutual employer. Second, Lucy Marsh’s July 2013 charge of discrimination included allegations that University of Denver was paying both her and other female Full Law Professors less than similarly-situated men. Thus, University of Denver was put on notice as to the collective or class-wide nature of the pay disparity claim. *EEOC v. Albertson’s LLC*, 579 F. Supp. 2d 1342, 1346 (D. Colo. 2008). Furthermore, proposed Plaintiff-Intervenor was specifically identified by the EEOC during the course of its administrative investigation, in the Letter of Determination and conciliation process, and in the EEOC’s Complaint and Amended Complaint. As such, University of Denver was made aware of the nature and scope of proposed Plaintiff-Intervenor’s claims. *Id*. (granting motions to intervene for several former employees, including four who the EEOC specifically identified in its complaint and who did not file individual charges).

Finally, as to the timeliness of the motion, only limited written discovery and no depositions have taken place and the parties have received extensions of discovery and related deadlines. Thus, there is no danger that any existing party will be prejudiced by proposed Plaintiff-Intervenor's addition to the suit. It is therefore

ORDERED that the Unopposed Motion of Celia Taylor to Intervene as Plaintiff Pursuant to Fed. R. Civ. P. 24(a)(1) (ECF No. 77) is **GRANTED**. The Second Amended Complaint in Intervention is **ACCEPTED FOR FILING**.

Dated: October 2, 2017

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge