**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02471-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

LUCY MARSH,
K.K. DuVIVIER,
NANCY EHRENREICH,
KRIS McDANIEL-MICCIO,
CATHERINE SMITH,
JOYCE STERLING, and
CELIA TAYLOR

Intervenor,

v.

UNIVERSITY OF DENVER,

Defendant.

---

**JOINT MOTION TO RESTRICT PUBLIC ACCESS TO EXHIBIT B [ECF 126]**

---

Plaintiff EEOC; Plaintiff Intervenors Lucy Marsh, K.K. DuVivier, Nancy Ehrenreich, Kris McDaniel-Miccio, Catherine Smith, Joyce Sterling, and Celia Taylor; and Defendant University of Denver, through their respective counsel and pursuant to D.C.COLO.LCivR 7.2(c), jointly move to restrict public access to Exhibit B [ECF 126], attached to the Consent Decree filed as an attachment to the Parties' Joint Motion to Enter Consent Decree [ECF 125]. As grounds for this motion, the Parties state as follows:

1. Under D.C.COLO.LCivR 7.2(c), a motion to restrict public access to documents filed with the court, must (1) identify the document to be restricted; (2) address the interest to be protected and explain why that interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that will result without restriction; (4) explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the relevant interest; and (5) state the level of restriction for the document. D.C.COLO.LCivR 7.2(c)(1)-(5)

2. The Parties seek restricted access to Exhibit B attached to the Consent Decree the Parties request be entered by the Court. [ECF 125-001]. Exhibit B lists individual salaries for each of the Plaintiff-Intervenors.

3. The Plaintiff-Intervenors are full professors at the University of Denver, Sturm College of Law ("Law School"). Each of the Plaintiff-Intervenors has a privacy interest in her salary information being protected from public disclosure. The Defendant also has an interest in maintaining the confidentiality of this salary information because it is information that competitor law schools could use to disadvantage the Law School in salary negotiations with existing or prospective faculty members.

4. The salary information contained in Exhibit B is confidential information encompassed by the Protective Order entered in this case, which protects as confidential information covered by an exemption under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b). [ECF 30, ¶ 5]. Exhibit B contains financial and personnel information, protected from disclosure under FOIA exemptions 4 and 6. 5 U.S.C. § 552(b)(4) and (b)(6).

5. The privacy interests of the Plaintiff-Intervenors and Defendant outweigh the public's interest in knowing the exact salary of each Plaintiff-Intervenor. The public's interest in this litigation is adequately served by having access to the entire Consent Decree reflecting all of the terms on which the Parties have agreed to resolve the litigation. As to salaries in particular, Paragraph 15 of the Consent Decree states that Defendant has agreed to increase the salaries of the Plaintiff-Intervenors, and Paragraph 24 provides for additional transparency of faculty salary information. The public's interest is served in knowing the Plaintiff-Intervenors' salaries are increased, that there will be additional salary transparency, and that based on these and the other provisions of the publicly-filed Consent Decree, the Plaintiff-Intervenors and the EEOC have agreed to resolve the case.

6. If the salary information in Exhibit B is not protected from public access, the Plaintiff-Intervenors' privacy interest in their personal salary information will be lost entirely. The Plaintiff-Intervenors should not be deprived of their personal interest in determining for themselves whether and with whom they want to share their salary information. Additionally, if the salary information in Exhibit B is not protected from public access, Defendant is at risk that competitor law schools will utilize this salary information to disadvantage the Law School in its salary negotiations with existing or prospective faculty members.

7. If this information is made public, the harm to the Plaintiff-Intervenors and Defendant cannot be undone. Nor is there any adequate compensation for the harms

they will suffer. And even if these were compensable harms, there is no responsible entity to provide such compensation.

8. There is no practicable alternative to restriction, such as redacting or summarizing the salary increases, because those options would prevent the parties from disclosing to the Court all terms of the resolution of this matter. Moreover, the parties seek restriction only for Exhibit B in order to protect the interests and prevent the harm discussed above. All other terms of the resolution will be made available to the public.

9. The Parties seek Level 1 restriction.

10. Accordingly, the Parties request Level 1 restricted access for Exhibit B to the Consent Decree, filed as an attachment to the Parties Joint Motion To Enter Consent Decree [ECF 125].

Respectfully submitted on April 24, 2018.

*s/Rita Byrnes Kittle*
Rita Byrnes Kittle
Michael Imdieke
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, Colorado 80203
Telephone: (303) 866-1347
**rita.kittle@eeoc.gov**
**Attorney for Plaintiff EEOC**

*s/Jim Goh*
Jim Goh
Steven W. Moore
Rayner Mangum
CONSTANGY, BROOKS,
SMITH & PROPHETE LLP
600 17th Street, Suite 2700-S
Denver, CO 80202
Telephone: (720) 343-7570
jgoh@constangy.com
smoore@constangy.com
rmangum@constangy.com
**Attorneys for Defendant**

*s/Baine P. Kerr*
Baine P. Kerr
Jonathan B. Boonin
Lauren Elizabeth Groth
HUTCHINSON BLACK AND COOK, LLC
921 Walnut Street, Suite 200
Boulder, Colorado 80302
Telephone: (303) 442-6514
kerr@hbcboulder.com
boonin@hbcboulder.com
groth@hbcboulder.com
**Attorneys for Plaintiff Intervenor Marsh**

*s/Charlotte N. Sweeney*
Charlotte N. Sweeney
Joan M. Bechtold
Ariel B. DeFazio
SWEENEY & BECHTOLD, LLC
650 S. Cherry Street, Suite 700
Denver, Colorado 80246
Telephone (303) 865-3733
cnsweeney@sweeneybechtold.com
jmbechtold@sweeneybechtold.com
abdefazio@sweeneybechtold.com

**Attorneys for Plaintiff Intervenors DuVivier, Ehrenreich, McDaniel-Miccio, Smith, Sterling, & Taylor**

## CERTIFICATE OF SERVICE

Pursuant to D.C.COLO.LCivR 5.1(d), the Notice of Electronic Filing (NEF) generated by CM/ECF constitutes a certificate of service.

*s/ Rita Byrnes Kittle*