**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-02471-WYD-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

LUCY MARSH,
NANCY EHRENREICH,
KRIS McDANIEL-MICCIO,
CATHERINE SMITH,
K.K. DuVIVIER,
JOYCE STERLING, and
CELIA TAYLOR

      Intervenors,

v.

UNIVERSITY OF DENVER,

      Defendant.

---

## CONSENT DECREE

---

## I. RECITALS

**1.**     This matter was instituted by Plaintiff, Equal Employment Opportunity Commission

("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government,

alleging that Defendant, University of Denver ("University"), including the Sturm College of

Law ("Law School") discriminated against Professors Lucy Marsh, K.K. DuVivier, Nancy

Ehrenreich, Sheila Hyatt, Kris McDaniel-Miccio, Joyce Sterling, Catherine Smith, Celia

Taylor, and other female Full Law Professors by paying them less than male Full

Professors, despite performing work that was substantially equal, in violation of both the

Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964, as amended. University of Denver denies that its pay decisions were discriminatory on the basis of gender or any other protected characteristics. The Parties to this Decree are the Plaintiff EEOC, Plaintiff-Intervenors Lucy Marsh, K.K. DuVivier, Nancy Ehrenreich, Kris McDaniel-Miccio, Joyce Sterling, Catherine Smith, and Celia Taylor, and the Defendant University of Denver, including the Law School.

**2.**     The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), and without any admission of liability or wrongdoing, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**3.**     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

**4.**     For the purpose of amicably resolving disputed claims, and minimizing the costs and disruption of continued litigation, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II. JURISDICTION**

**5.**     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

**III. TERM AND SCOPE**

**6.**     **Term:**  The duration of this Decree shall be six (6) years from the date of entry by the Court, except that the Decree may end after five (5) years, if the Independent Consultant has found Defendant in compliance for at least the three preceding years.

7.     **Scope:** Except as specifically provided otherwise, the terms of this Decree shall apply to Sturm College of Law, owned and operated by Defendant University of Denver in Denver, Colorado.  Where the term "Defendant" is used, the terms of this Decree shall apply to the Defendant University of Denver (including the Sturm College of Law). Where the term "Sturm College of Law" or "Law School" is used, the terms of this Decree shall apply to the Sturm College of Law at the Defendant University of Denver.

## IV. ISSUES RESOLVED

8.     This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's and Plaintiff-Intervenors' claims of unlawful employment practices under Title VII and the Equal Pay Act that arise from Charge of Discrimination Number 541-2013-01830C, filed by Lucy Marsh, alleging pay discrimination against herself and other female law professors at the Law School.

9.     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF – University of Denver

10.    Judgment is hereby entered in favor of the Commission and Plaintiff-Intervenors and against Defendant in the amount of $2,660,000.

11.    Defendant will not condition the receipt of individual relief upon any Plaintiff-Intervenor's agreement to: (a) maintain as confidential the terms of this Decree or the allegations or claims of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise to resign and/or not reapply for a position at any of University of Denver's facilities. Subsection (c) of this provision does not

affect any tenure relinquishment or other agreements previously entered into between DU and any Plaintiff-Intervenor; nor does it preclude any Plaintiff-Intervenor from voluntarily entering into tenure relinquishment or other agreements with the University in the future, so long as the payments required under this Decree are not conditioned on the Plaintiff-Intervenor entering into such agreement in the future.

12.     To resolve these claims, Defendant shall pay a total of $2,660,000, distributed among the Plaintiff-Intervenors and their attorneys, and allocated between backpay and compensatory damages, costs and attorneys' fees, as determined by the EEOC.  The receipt of this payment and any other relief is conditioned upon Plaintiff-Intervenors' agreement to execute a Release in the form attached hereto as Exhibit A, which releases and waives each individual's right to recover for any claims that were asserted in the above-captioned lawsuit and any claims of unlawful employment practices under Title VII and the Equal Pay Act that arise from Charge of Discrimination Number 541-2013-01830C, filed by Lucy Marsh, alleging pay discrimination against herself and other female law professors at the Law School.

13.     **Payments:**  The payments required under this Decree shall be hand-delivered to each Plaintiff-Intervenor's attorney within twenty (20) calendar days after the Court's entry of this Decree or the Plaintiff-Intervenor's execution of the Release attached as Exhibit A (whichever occurs later), to the addresses provided by the EEOC. Within three (3) business days after payments are delivered to payees, Defendant shall submit to EEOC a copy of the checks issued.

14.     **Tax Reporting Forms:** In January 2019, Defendant will prepare and distribute W-2 and 1099 tax reporting forms to each Plaintiff-Intervenor who receives payment under this

Consent Decree, based on the allocation provided by the EEOC. Defendant is responsible for withholding payroll taxes from back pay amounts, paying withheld funds to the IRS, and paying the employer's share of payroll taxes. Defendant agrees to provide written notice to the EEOC within ten (10) calendar days of satisfying the obligation specified in this Paragraph 14.

15.    **Salary Increases:**  Effective May 1, 2018 (payment for May 2018 work is made in June 2018), Defendant shall increase the pay of the Plaintiff-Intervenors to the amounts set forth in Exhibit B, filed under seal.  Back pay for the period between January 1, 2018 and April 30, 2018 is included in the $2,660,000 settlement.

## VI. EQUITABLE RELIEF

### A.    *Injunctive Relief  - University of Denver*

16.    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any sex discrimination affecting compensation.

17.    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any gender-based pay practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, or the Equal Pay Act, or because such person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or prosecution of an alleged gender-based pay violation under these statutes.  Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such

persons identified as a witness or possible witnesses of alleged gender-based pay discrimination in future investigations or proceedings.

**B.    *Anti-discrimination Policy and Related Complaint Procedures – University of Denver and Sturm College of Law***

**18.**    Within 180 days of the Court's entry of this Decree, the Law School shall, in consultation with the Independent Consultant, adopt and maintain a policy statement encouraging Law School employees to report any conduct believed to be discriminatory, and expressly stating that such reports of alleged discriminatory conduct will be appropriately investigated.

**19.**    Within 180 days after entry of this Decree, the Defendant shall, in consultation with the Independent Consultant, revise its existing "Discrimination/Equal Opportunity" policy ("Policy"), and its existing procedures titled "Office of Equal Opportunity & Office of Title IX Procedures 2017-2018" ("Procedures") to accomplish at least the following:

**19.1.**    Expressly state that the University prohibits pay discrimination based on sex, discriminatory pay practices based on sex, and sex discrimination affecting compensation;

**19.2.**    Include the Equal Pay Act of 1963 in any section or provision that specifies Title VII of the Civil Rights Act of 1964, or "Title VII";

**19.3.**    Expressly state that employees are not prohibited from discussing their salaries and/or compensation with other employees and non-employees;

**19.4.**    Clearly specify in both the Policy and Procedures the scope of consequences to employees found to have engaged in discriminatory conduct – discipline up to and including discharge – and emphasize the University's commitment to enforcing

the anti-discrimination policies and ensuring the University of Denver is a non-discriminatory work environment; and

**19.5.**  Provide that records related to the investigation of any allegations of discrimination will not be stored in personnel files of employees reporting alleged discrimination, and instead must be retained in a separate secure location.

20.    The Defendant will further review its Policy and Procedures, in consultation with the Independent Consultant, and may, in its discretion, make additional revisions, including some or all of the following:

**20.1.**  Provide a more easily understood process for University of Denver employees to complain about or report alleged discrimination relating to their employment;

**20.2.**  Provide a more easily understood process for prompt, fair, and thorough investigation of employee complaints or reports of alleged employment discrimination, utilizing generally accepted "best practices" among college and university discrimination investigators, to include, at a minimum, the following: (a) documentation of the complaint; (b) a finding of whether discrimination occurred; (c) a credibility assessment as appropriate; (d) interviews of potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; (e) a review of all documents which might reasonably shed light on the allegation, where such exist; (f) contemporaneous notes of the investigation and conclusions; (g) contemporaneous notes of all corrective and remedial measures where discrimination is found; and (h) written notice to the employee who initiated the complaint or report of employment

discrimination as to the outcome of the investigation. Where discrimination is found, the University of Denver shall take prompt appropriate corrective action to make discrimination victims whole, to discipline violators, and to eradicate the discrimination as appropriate;

**20.3.**   Clarify whether employee complaints or reports of alleged discrimination relating to employment must be made to a supervisor, manager, or the University of Denver Office of Equal Opportunity, and that non-supervisory employees are not individuals authorized to receive employee complaints or reports of alleged employment discrimination;

**20.4.**   Consider the circumstances under which a non-supervisory employee is an authorized agent of the University of Denver to receive complaints or reports of alleged discrimination from non-employees, and the extent to which such employees will be provided annual training regarding their responsibilities as a person authorized to receive such complaints on behalf of the University of Denver.

**20.5.**   Provide that all disciplinary actions taken against employees for violation of the University's Discrimination/Equal Opportunity Policy will be retained in the violator's personnel file;

**20.6.**   To the extent that employee complaints or reports of alleged employment discrimination are subject to the Initial Assessment Process, consider whether the Procedures should be modified to specify the standards applied to determine that no investigation is necessary;

**20.7.**   Provide alternative procedures for occasions when the "appropriate administrator" or decisionmaker is the person accused of engaging in the discriminatory actions;

**20.8.**   Clarify the provision in the Definitions section of the Procedures that the "Outcome Council" has no role in employee complaints or reports of alleged employment discrimination;

**20.9.**   Explain the application of the Family Educational Rights and Privacy Act of 1974 to student employment, and clarify the extent to which provisions allowing for information to be shared with parents or guardians are not applicable to employee or student-employee complaints or reports of alleged employment discrimination;

**20.10.**  Clarify the extent to which the "Confidentiality" provision of the Procedures is applicable to employees; and

**20.11.** Consider whether employee appeals could also be based on outcomes that are substantially disproportionate to the alleged violation.

**21.**   **Distribution of Revised Policy and Procedures.**   Upon completion, the revised Policy and Procedures will be immediately published on the University of Denver website, and a copy emailed to the EEOC and Independent Consultant. The revised Policy and Procedures will be provided to new employees within ten (10) days of their starting date.

**22.**   **Informational Campaign.**   Within 180 days of the Court's entry of this Decree, in consultation with the Independent Consultant, the Law School will commence an informational campaign to inform its faculty and staff about the policy statement described in Paragraph 18 of this Decree, the protections afforded to Law School faculty and staff under the Policy and Procedures revised under Paragraph 19 or 20, and the availability of

the University's 24-hour hotline to report suspected violations of the University's

Discrimination/Equal Opportunity Policy.

**22.1.**  In addition to the information described in the preceding paragraph, the

informational campaign will also specifically inform faculty and staff about DU's

policies prohibiting discrimination based on sex, including sex discrimination

affecting compensation, the proscription of retaliation against any employee who

opposes discrimination or otherwise engages in protected conduct under Title VII or

the EPA, and new University websites described below.

**22.2.  New Webpages.**  The informational campaign shall include creation of two

new webpages.

**22.2.1.        University of Denver**.  The University of Denver will create a

new webpage on the University's internal website communicating specifically

to all University employees (as opposed to students or students who are

employees) their rights and protections under Title VII and the EPA and how

employees can file complaints of suspected or potential violations of those

rights. The webpage shall contain a prominent link to allow individuals to file

a complaint with the University's Office of Equal Opportunity.

**22.2.2.        Sturm College of Law.**  The Sturm College of Law will also

create a new webpage on its website communicating specifically to its faculty

and staff their rights and protections under Title VII and the EPA and how

employees can file complaints of potential violations of those rights. The

webpage shall contain a prominent link to allow individuals to file a complaint

with the University's Office of Equal Opportunity.

**22.2.3.** The web pages described in this paragraph 22 shall communicate the policies and procedures for filing and investigating complaints in as simple and efficient a manner as is reasonably practicable. The web pages will include a summary and simplified explanation of the procedure for filing a complaint and a simplified explanation of the steps involved in filing, investigating, deciding, and resolving any complaints filed.

**22.2.4.** The University will publicize the creation of these new web pages in University-wide communications to employees, either electronic or written, at least twice per year for the year following the adoption of this Decree, and at least annually for the duration of this Decree.

**C.** *Advanced Notice of Evaluation Criteria and Methods.*

**23.** Prior to the beginning of each evaluation year, the Dean of the Law School will publish to tenured and tenure-track faculty and long-term contract faculty with governance rights an explanation of the method(s) and criteria that will be used to determine merit increases or other salary increases, and other forms of compensation for the upcoming year.

**D.** *Salary and Compensation Disclosures – Sturm College of Law*

**24.** In January of each year, after annual merit increases have been determined, the Law School will post on a password-protected website a written publication of salary and compensation data for tenured and tenure-track faculty and long-term contract faculty with governance rights, employed at the Law School.  The publication shall include:

**24.1.** A table listing the salaries and other forms of compensation provided to each faculty member, position held, date of hire, and EEO reporting categories (including

race, national origin, and gender) but without any disclosure of faculty names**.**

**24.2.**   Access to such salary data is limited to the same or lower faculty rank or classification of the person accessing the data, and cannot be disseminated outside the Law School except for purposes of exercising rights under federal, state, or local anti-discrimination laws. Nothing in this provision shall prohibit faculty members from discussing their own salaries with other employees or non-employees.

**E.** **Annual Compensation Equity Study – Sturm College of Law**

**25.**   The Law School shall contract with a qualified labor economist to conduct an annual study of compensation equity at the Law School. The labor economist shall be jointly selected by the EEOC and Defendant. If the EEOC and Defendant are unable to agree on a labor economist within thirty (30) days after entry of this Decree, they will each provide the Independent Consultant with a list of three (3) qualified labor economists. Within ten (10) days after receiving proposed candidate names, the Independent Consultant shall select the most qualified candidate from the lists submitted. If both the EEOC and Defendant have submitted the same candidate for consideration, the Independent Consultant shall select that candidate as the labor economist.

**26.**   The study shall consider whether any disparities in compensation are attributable to gender or to gender combined with other protected characteristics (race, color, national origin, age (over 40), disability), and will consider all components of compensation, including without limitation, salary, raises, bonuses, chair and committee assignments, and stipends paid for additional assignments.

**26.1.**       The Labor Economist will determine what statistical analysis and methodology to employ, including consideration of various factors affecting

compensation, and controlling for the factors the Labor Economist considers appropriate to include in the analysis.

**26.2.** Study of compensation paid during the calendar year will be completed by July 1st, each year, and by July 15th, each year, will be provided to the Independent Consultant, and made accessible to the EEOC, who may rely on the Pay Equity Study in their assessments of whether Defendant is in compliance with the Decree and applicable laws.

*F.* *Independent Consultant – University and the Law School*

**27.** **Appointment of Independent Consultant:** Within sixty (60) days after entry of the Decree, the Defendant and the EEOC shall agree upon a qualified, professional Independent Consultant, who is not employed by or otherwise associated with Defendant, to evaluate Defendant's compliance with the provisions of this Consent Decree, and with Title VII and the Equal Pay Act regarding decisions affecting compensation. The Independent Consultant shall have significant experience in university faculty pay practices and with employment discrimination laws generally and with Title VII and the Equal Pay Act, in particular.

**28.** **Replacement of Independent Consultant:** In the event the Independent Consultant is unable or unwilling to continue to serve, the EEOC and the Defendant shall jointly select a replacement.

**29.** **Resolving Disputes Over Independent Consultant Appointment:** If the EEOC and the Defendant cannot agree upon an Independent Consultant, the EEOC and the Defendant shall each provide a list of 2 candidates to an agreed-upon neutral third party, who shall select the Independent Consultant. Any cost for the neutral third party will be

borne by Defendant.

**30.** **Compensation of Independent Consultant:**  Defendant shall compensate the Independent Consultant at an agreed-upon rate that is consistent with market rates in the Denver metropolitan area and shall reimburse the Independent Consultant's expenses. Defendant shall pay any and all reasonable costs necessary to fulfill the work of the Independent Consultant.

**31.** **Cooperation:**  Defendant agrees to cooperate with the Independent Consultant.

**32.** **Access to Region, Premises, Employees, and Information:**  The Independent Consultant shall have access to all relevant documents, premises, employees, and other sources of information necessary to exercise his/her duties and responsibilities under this Consent Decree.  The Independent Consultant and the EEOC shall have access to review all records maintained by Defendant relating to the implementation or administration of this Consent Decree, including all records relating to compensation of law professors.

**33.** **Independent Consultant Responsibilities:**  For the duration of this Consent Decree, the Independent Consultant will have the following responsibilities:

**33.1.**  Upon selection, the Independent Consultant will confirm that a qualified labor economist has been selected. If the labor economist has not been selected within thirty (30) days after the Independent Consultant's appointment, the Independent Consultant will require Defendant and the EEOC to submit lists, as specified in Paragraph 25.  If a new labor economist is required for any subsequent year of the Decree, the same procedure will be followed;

**33.2.**  Advise and make recommendations regarding development and update of objective and equitable methods and criteria for setting faculty compensation at

the Law School, including merit raises, bonuses, and stipends;

**33.2.1.**        During the first year of the Decree, the Independent Consultant will advise and make recommendations to the Dean of the Law School regarding methods and criteria for use in setting salaries, awarding merit increases, determining chair and committee assignments related to service, paying stipends, and awarding bonuses for the following academic year.  The Dean of the Law School and DU administration shall have ultimate authority to make final decisions concerning all such methods and criteria. The Independent Consultant will advise the EEOC of any recommendations that are not adopted at the Law School.

**33.2.2.**        During each subsequent year of the Decree, the Independent Consultant will review and make recommendations to the Law School Dean as to what, if any, modification of the compensation system is necessary or advisable, based on the annual compensation equity study and input from the Dean, faculty, and staff of the Law School. The Independent Consultant will advise the EEOC of any recommendations that are not adopted at the Law School.

**33.2.3.**        The Independent Consultant will also review the process for committee chair and committee appointments, and make recommendations for revisions necessary to ensure gender equity in these service-related appointments.

**33.3.**   Semi-Annually, review and analyze all records relating to complaints or reports of alleged sex discrimination affecting compensation, or related retaliation,

filed by individuals employed at the Law School (including full-time and part-time employees, and all categories of faculty);

**33.3.1.** As to each complaint or report of alleged sex discrimination affecting compensation, or related retaliation, the Independent Consultant shall have access to Defendant's investigatory process and determination so as to evaluate Defendant's compliance with its Anti-Discrimination Policy and Title VII and EPA.

**33.3.2.** After reviewing the complaint, investigative records, and determination, the Independent Consultant shall identify any material deficiencies in the Defendant's investigatory processes and may provide advice and recommendations as the Independent Consultant deems appropriate.

**33.3.3.** The Independent Consultant will report to the EEOC any recommendations which are not adopted by Defendant.

**33.4.** Receive the reports required under any provision of this Decree, including Paragraphs 41-43 and review the reports for compliance with this Decree;

**33.5.** For the first 3 years of the Decree, every six months, beginning from the date of appointment, the Independent Consultant will provide the EEOC and Defendant with a report containing the Independent Consultant's assessment of whether Defendant has complied with the provisions of this Decree, the Equal Pay Act, and Title VII prohibitions on sex discrimination affecting compensation, and detailing the specifics of any lack of compliance, and annually thereafter unless the Independent Consultant finds the Defendant to be materially out of compliance at any time;

**33.6.**   Consult with Defendant as necessary to provide advice about ways to better achieve full compliance with this Consent Decree, the Equal Pay Act, and Title VII prohibitions on sex discrimination affecting compensation;

**33.7.**   Review the compensation system and provide suggestions for improvement; and

**33.8.**   Advise and consult regarding development and implementation of the training required under Paragraphs 34-37 of this Decree.  As to each component of training, the Independent Consultant is specifically charged with responsibility for ensuring that (a) the allocated training time and substantive coverage for each category of employees included in paragraphs 35.1-35.5 is sufficient to instruct on the required material; and (b) the proposed trainers are qualified to instruct on the required material, based on a review of the trainers' qualifications and experience.

*G.    Training*

**34.    Orientation on Consent Decree – University of Denver:**  Within sixty (60) days of the entry of this Decree, Defendant shall conduct Consent Decree Orientation Meetings with all its Human Resources ("HR") and administrative employees who discharge HR and/or administrative functions (currently referred to as OEO/Title IX employees), the Law School Dean, and all employees with responsibilities for or involved in compensation decisions at the Law School, and all staff employed in its Legal Department.

**34.1.**   During the Consent Decree Orientation Meetings, Defendant will thoroughly detail all provisions of the Decree, discuss and explain all changes in policy and procedures effected as a result of the Decree, describe the Informational Campaign, and emphasize to the participants that any breach of, or failure to

comply with, the terms and conditions set forth in this Decree shall subject them to dismissal or other appropriate disciplinary action.

**34.2.** Attendance at the Consent Decree Orientation Meetings will be mandatory for all individuals specified above.

**34.3.** Prior to commencing the Orientation Meetings, Defendant will provide the EEOC with a schedule of the dates, times, and locations for when such meetings will be conducted, and the EEOC, with appropriate notice to Defendant, may choose to send up to two representatives to attend any Orientation Meeting.

35.     **EEO Training – Sturm College of Law:** At least annually, Defendant shall provide EEO training for all individuals employed at the Law School in any capacity, full-time or part-time. Under this provision, employees will be trained at a minimum in the following areas: (a) policy and procedures for Law School employees to report alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or retaliation; (c) the penalties of engaging in discriminatory behavior; and (d) the anti-retaliation policy applicable to Law School employees. All training under this Paragraph 35 shall be at Defendant's selection and expense.  Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing.  Different levels of training will be provided based on the following categories of employees:  Non-supervisory employees; Supervisory and Managerial employees; Human Resource employees; employees who conduct any of the training required under this provision; and employees with responsibility for investigating allegations of discrimination.  The Parties recognize that supervisory and managerial employees generally require more training and more detailed training than non-supervisory

employees because supervisors and managers have greater responsibilities with respect

to the EEO policy and the complaint process.  Similarly, Human Resource employees

generally require more training and more detailed training than supervisors and managers

because HR employees have even greater responsibilities with respect to the EEO policy

and the complaint policy.  Training for each category of employees will encompass the

following matters:

**35.1.  Non-supervisory Employees:**  Defendant will provide non-supervisory Law

School employees annual training each year. Attendance will be mandatory for

every non-managerial employee, and makeup sessions will be provided for

employees unable to attend. At least 25% of this annual training must focus on

compensation discrimination under the Equal Pay Act and Title VII and at least 25%

of this annual training must focus on the available options and procedures for

making or reporting a complaint of discrimination. Additionally, non-supervisory

employees will be provided comprehensive training as to their responsibilities as an

agent of the Defendant, who is charged with responsibility for receiving and acting

on employee and/or student complaints about discrimination, including employee

complaints from peers, subordinates, and supervisors.

**35.2.  Managerial and Supervisory Employees**:  During the term of this Decree,

Defendant will require all individuals who work in a managerial or supervisory

capacity at the Law School, including the Dean and all Associate Deans, and other

employees who have authority over employee compensation, to receive annual

training regarding Title VII, the Equal Pay Act, and other federal anti-discrimination

laws. At least 25% of the training will directly address sex discrimination affecting

compensation, and at least 25% of the training will be instruction in the proper

methods of receiving, communicating, investigating (where applicable), and

ameliorating discrimination.  Defendant shall emphasize with managerial and

supervisorial employees that due to their position of power, such employees (a)

must be particularly vigilant not to discriminate, whether consciously or because

they rely on subconscious stereotypes; (b) must be sensitive of how their actions or

words might be perceived by subordinate employees; and (c) must avoid the

temptation to retaliate against an employee because a complaint is made, or might

be made, against them.  Additionally, Defendant will require employees who are

newly hired or recently promoted into a managerial or supervisory position at the

Law School to complete the requisite complaint-handling training and training

regarding sex discrimination affecting compensation within thirty (30) days of being

hired or promoted.

**35.3.  Human Resource Employees:**  Defendant will require all individuals who

work in a human resource capacity at the Law School, or provide human resource

services to the Law School, to receive annual training regarding Title VII, the Equal

Pay Act, and other federal anti-discrimination laws. At least 25% of the training will

directly address sex discrimination affecting compensation, and at least 25% will be

instruction in the proper methods of receiving, communicating, investigating, and

ameliorating discrimination, including the proper procedures for documenting and

preserving evidence of discrimination, archiving the University's investigation of

complaints, as well as detailing the consequences and result of the investigation

where discrimination is found. Additionally, Defendant will require employees who

are newly hired or promoted into a human resource position at the Law School or providing human resource services to the Law School to complete general EEO training within thirty (30) days of being hired or promoted into a human resource position at the Law School or providing human resource services to the Law School.

**35.4.   Train the Trainers:**  Any manager or human-resources employee with responsibility for training other employees under Paragraph 35 will be provided additional training on the materials to be presented and the proper techniques for teaching the materials.

**35.5.   Training on Investigative Techniques:** All employees with responsibility for responding to or investigating complaints of discrimination regarding the Law School shall be provided additional annual training on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law.

**35.6.**   The training required under this section 35.3 – 35.5 may take the form of internal or external training, or a combination of both.

**36.**   Defendant agrees that the first such training session for each employee group identified in Paragraph 35 above, will take place within sixty (60) days after the Court's entry of this Decree.  Defendant agrees that all of its personnel required to attend training under Paragraph 35 shall both register and attend the training sessions.

**37.**   The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the

Commission representatives, with appropriate notice to Defendant, shall have the right to attend, observe, and fully participate in all of the sessions.  Defendant shall provide the Commission with thirty (30) days' notice that a training session (other than for new hires) will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

## H.    Notice Posting – Sturm College of Law

**38.**    Within five (5) business days after the Court's entry of this Decree, Defendant shall post in the Law School building (or any additional facilities utilized by the Law School during the Decree where law school employees are regularly housed and assigned), in a conspicuous place frequented by employees, the Notice attached as Exhibit C.  The Notice shall be the same type and style as set forth in Exhibit C, but enlarged to at least 16" x 24". The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

## I.    EEO Compliance as a Component of Management Evaluation – Sturm College of Law

**39.**    Defendant shall, within sixty (60) days of the entry of this Consent Decree, and at least continuously for the duration of this Decree, revise the Law School's management evaluation and compensation system to include EEO compliance, compliance with policies and laws prohibiting discrimination and retaliation, and compliance with this Decree, as factors which shall be used to evaluate all managerial employees, including but not limited

to all Deans, Assistant Deans, and Department Chairs. Defendant shall also, within sixty

(60) days of the Court's entry of this Decree, and continuously for the duration of this

Decree, advise the Law School's managerial officials that any compensation these

managers may be eligible for during this Decree are subject to reductions based on

established non-compliance with EEO policies and procedures, policies and laws

prohibiting retaliation, and this Decree.

## VII.  RECORDKEEPING AND REPORTING PROVISIONS

**40.    Recordkeeping:**  For the duration of this Consent Decree, Defendant shall maintain

all records concerning implementation of this Consent Decree, including, but not limited to,

all of the following records relating to faculty for the Sturm College of Law:

**40.1.**  Applications of faculty hired;

**40.2.**  Personnel files;

**40.3.**  Payroll records;

**40.4.**  Employee evaluations;

**40.5.**  All documents relating to compensation, including documents or records

relating to starting salary or wage determinations, salary or wage increases,

bonuses, stipends and any increases thereto, and other documentation relating to

setting, increasing, or adjusting employee salaries or wages;

**40.6.**  Teaching load; and

**40.7.**  Complaints or reports of alleged sex discrimination affecting compensation,

and records documenting investigation of such complaints, including witness

statements, documents compiled, conclusions and findings, and any corrective and

remedial actions taken.

**41.    Reporting:**  Defendant shall provide an initial report three (3) months after the entry of this Decree, a second report nine (9) months after the entry of this decree, and then semi-annual reports for each subsequent six-month period thereafter.  The reports shall be due thirty (30) days following the respective six-month reporting period.  The final report shall be submitted to the Independent Consultant and the Commission at least two months prior to the date on which the Consent Decree expires.

**42.    Initial Report Requirements:**  In the initial report, due three (3) months after entry of the Decree, Defendant will confirm its compliance with the initial obligations under Paragraphs 12 (monetary payments), 15 (Salary Increases); 27 (Independent Consultant appointment), 34 (Orientation on Decree), and 38 (notice posting). Additionally, Defendant will report on its progress toward complying with the following provisions:  Paragraphs 18-24 (revised EEO policy and complaint procedure); 26 (Annual Compensation Equity Study), 36 (initial annual EEO training), and 39 (EEO compliance in management evaluations).

**43.    Semi-Annual Report requirements:** Semi-Annual reports (due nine (9) months after entry of the Decree, and every six (6) months thereafter) will contain the following information:

   **43.1.  Complaints or Reports of Alleged Sex Discrimination Affecting Compensation, or Related Retaliation at Sturm College of Law.**

   **43.1.1.**     For purposes of this Paragraph 43.1, the term "complaint of report of alleged sex discrimination affecting compensation, or related retaliation" will include any written or verbal complaint made to any manager, administrator, dean (including associate deans and other categories of

deans) or HR employee, or of which a manager, administrator, dean or HR employee is aware, which alleges sex discrimination affecting compensation, or related retaliation, or the witnessing of such discrimination or retaliation, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc.

**43.1.2.** The report will include:

   **a.** The name, address, email address, and telephone number of each person making a complaint of sex discrimination affecting compensation at the Law School, or related retaliation to Defendant, and making such allegations to the Law School, or to any federal, state, or local government agency;

   **b.** The name, address, email address, and telephone number of each person identified as a potential witness to the incident of alleged discrimination or retaliation;

   **c.**   A brief summary of each complaint or report, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory or retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

   **d.** Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**43.2. Training**

**43.2.1.** For each training program required under Paragraph 35 and conducted during the reporting period, Defendant shall submit a registry of attendance.

**43.2.2.** For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; and (c) the name of each trainer and a summary of his or her qualifications.

**43.2.3.** For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

**43.3. Compliance with Pay Transparency provision:** If the reporting period includes the month of January, Defendant shall certify that it complied with the provisions of Paragraph 24, regarding salary and compensation transparency.

**43.4 Posting of Notice**: Defendant shall recertify to the Commission that the Notice required to be posted under Paragraph 38 of this Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**VIII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE**

**44.** This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate.

**45.** There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission or the Plaintiff-Intervenors may enforce compliance

herewith.

**46.**     Subject to the provisions of Paragraphs 47 and 48 below, the Commission or any

Plaintiff-Intervenor may petition this Court for compliance with this Decree at any time

during which this Court maintains jurisdiction over this action.  Should the Court determine

that Defendant has not complied with this Decree, appropriate relief, including extension of

this Decree for such period as may be necessary to remedy its non-compliance, may be

ordered.

**47.     Requirement of Informal Resolution Efforts**

> **47.1.   Notice of Dispute** – Prior to initiating an action to enforce the Consent
>
> Decree, the moving party will provide written notice to all other Parties regarding the
>
> nature of the dispute.  This notice shall specify the particular provision(s) believed to
>
> have been breached and a statement of the issues in dispute.  The notice may also
>
> include a reasonable request for documents or information relevant to the dispute.
>
> **47.2.   Response to Notice of Dispute** – Within thirty (30) days after service of the
>
> Notice of Dispute, Defendant will provide a written response and provide the
>
> requested documents or information.  The EEOC may also submit responses within
>
> fourteen (14) days after service of the Notice.
>
> **47.3.   Service** – Service of the Notice of Dispute and any Responses shall be
>
> made by hand-delivery, facsimile transmission, or electronic mail.
>
> **47.4.   Meeting** – After service of the Responses, the Parties will schedule a
>
> telephonic or in-person meeting to attempt to resolve the dispute.
>
> **47.5.   Dispute Resolution Period** – If the dispute has not been resolved within
>
> sixty (60) days after service of the Notice of Dispute, the EEOC may bring an action

in this Court to enforce the Consent Decree in this Court. With written consent of the

EEOC, a Plaintiff-Intervenor may bring an action in this Court to enforce the

Consent Decree.

**47.6.**       **Expedited proceedings** – The provisions of this section do not

prevent the EEOC from bringing an issue before the Court when the facts and

circumstances require immediate Court action.  The EEOC's moving papers shall

explain the facts and circumstances that necessitate immediate Court action. If the

EEOC brings a matter before the Court requiring immediate Court action, copies of

the moving papers will be provided to Defendant's General Counsel within three (3)

business days of being filed with the Court.

**48.**       Absent extension pursuant to Paragraph 46, this Decree shall expire by its own

terms at the end of the 72nd month from the date of entry, without further action by the

Parties.  Under Paragraph 6, the Decree may expire at the end of the 60th month by joint

motion of the EEOC and Defendant.

## IX. EEOC AUTHORITY

**49.**       With respect to matters or charges outside the scope of this Decree, this Decree

shall in no way limit the powers of the Commission to seek to eliminate employment

practices or acts made unlawful by any of the statutes over which the EEOC has

enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## X. COSTS AND ATTORNEYS' FEES

**50.**       Except for attorneys' fees and costs as specified in Paragraph 12, each party shall

be responsible for and shall pay its own costs and attorneys' fees.

## XI. NOTICE

**51.**     Unless otherwise indicated, any notice, report, or communication required under the

provisions of this Decree shall be sent by electronic mail or certified mail, postage prepaid,

as follows:

Rita Byrnes Kittle, rita.kittle@eeoc.gov
Michael Imdieke, michael.imdieke@eeoc.gov
Wasan Awad, wasan.awad@eeoc.gov
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO  80203

Dean Bruce Smith
Sturm College of Law
Frank H. Ricketson Law Bldg., Suite 215C
2255 E. Evans Ave.
Denver, CO 80208
Email: bruce.smith@du.edu

With a copy to:
Paul Chan
Office of the General Counsel
2199 S. University Blvd., Room 101
Denver, Colorado 80208
Email: counsel@du.edu

## XII. SIGNATURES

**52.**     The Parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this __18th__ day of ___May_____, 2018.

BY THE COURT:

____s/ Wiley Y. Daniel_____
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: April 24, 2018

UNIVERSITY OF DENVER

By: _____
Gregg Kvistad
Provost

Date: April 24, 2018

Plaintiff-Intervenors

By: _____      Date: _____
Lucy Marsh

By: _____      Date: _____
K.K. DuVivier

By: _____      Date: _____
Nancy Ehrenreich

By: _____      Date: _____
Kris McDaniel-Miccio

By: _____      Date: _____
Joyce Sterling

By: _____      Date: _____
Catherine Smith

By: _____      Date: _____
Celia Taylor

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
      Mary Jo O'Neill
      Regional Attorney

Date: _____

Plaintiff-Intervenors

By: _____
      Lucy Marsh

By: _____
      K.K. DuVivier

By: _____
      Nancy Ehrenreich

By: _____
      Kris McDaniel-Miccio

By: _____
      Joyce Sterling

By: _____
      Catherine Smith

By: _____
      Celia Taylor

UNIVERSITY OF DENVER

By: _____
      Gregg Kvistad
      Provost

Date: _____

Date: 5/17/18

Date: 5-17-18

Date: 5/17/18

Date: _____

Date: 5-17-18

Date: 5-17-18

Date: 5-17-18

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
       Mary Jo O'Neill
       Regional Attorney

Date: _____

Plaintiff-Intervenors

By: _____
       Lucy Marsh

By: _____
       K.K. DuVivier

By: _____
       Nancy Ehrenreich

By: _____
       Kris McDaniel-Miccio

By: _____
       Joyce Sterling

By: _____
       Catherine Smith

By: _____
       Celia Taylor

UNIVERSITY OF DENVER

By: _____
       Gregg Kvistad
       Provost

Date: _____

Date: _____

Date: _____

Date: _____

Date: _05 − 17 − 18__

Date: _____

Date: _____

Date: _____

APPROVED AS TO FORM:

Michael Imdieke
Rita Byrnes Kittle
EEOC Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO  80203

Attorney for Plaintiff EEOC

Baine P. Kerr
Jonathan Boonin
HUTCHINSON BLACK AND COOK, LLC
921 Walnut Street, Suite 200
Boulder, Colorado 80302

Jennifer Reisch
EQUAL RIGHTS ADVOCATES
1170 Market Street, Suite 700
San Francisco, CA 94102

Attorneys for Plaintiff-Intervenor Lucy Marsh

Jim Goh
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
600 17th Street, Suite 2700-S
Denver, CO 80202

Attorneys for Defendant University of Denver

Charlotte N. Sweeney
Joan Bechtold
SWEENEY & BECHTOLD, LLC
650 S. Cherry St., Suite 700
Denver, CO 80246

Attorneys for Plaintiff-Intervenors K.K. DuVivier,
Nancy Ehrenreich, Kris McDaniel-Miccio, Joyce
Sterling, Catherine Smith, and Celia Taylor

**Exhibit A**

## Release and Waiver of Claims

In consideration for $_____ paid to me by the University of Denver and other valuable consideration, in connection with the resolution of the lawsuit captioned *EEOC, et. al. v. University of Denver*, Civil Action No. 16-cv-02472-WYD-MJW, and the charge of discrimination filed by Prof. Lucy Marsh, Charge No. 541-2013-01830C, I waive my right to recover for any claims of gender-based compensation discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et. seq. and/or the Equal Pay Act of 1963, 29 U.S.C. §206(d), that I had against the University of Denver prior to the date of this release.

Date: _____          Signature: _____

**Exhibit B**
**List of Increased Salaries Paid Intervenors Effective January 1, 2018**
**[Filed under seal]**

REDACTED

**Exhibit C**
**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in a lawsuit filed by the U.S. Equal Employment Opportunity Commission against the University of Denver, alleging discriminatory pay practices based on sex, in violation of Title VII of the Civil Rights Act of 1964, and the Equal Pay Act of 1963. The lawsuit was filed in the United States District Court for the District of Colorado, and is captioned *EEOC, et al v. University of Denver,* Civil Action No. 16-cv-02471-WYD-MJW. The University of Denver denies that it engaged in any discrimination related to its pay practices.

The University of Denver and Sturm College of Law are committed to employing fair and equitable salary and compensation practices.  Toward that end, the University has agreed to employ a qualified labor economist to conduct an annual compensation equity study.  Additionally, the University has agreed to employ an Independent Consultant to advise and make recommendations on methods and criteria for determining faculty salaries and merit raises. The Independent Consultant will also assist in revising and clarifying existing anti-discrimination policies and procedures for Law School employees to report any alleged discrimination, and in developing related training for Law School employees on the revised policy and procedures.

In the interest of having a more transparent salary and compensation system, the University of Denver and Sturm College of Law have agreed to annually disclose certain faculty salary and compensation information to faculty of the Sturm College of Law.

Additionally, the University of Denver has agreed to increase salaries for certain female full professors in the Sturm College of Law to address past disparities which for various reasons may have disadvantaged female Full Professors of law.

The University of Denver reiterates here its long-standing policy against discriminatory employment practices.  The University encourages employees to report to the University of Denver Human Resource Department, or to any member of University management, any perceived incident of discrimination based on sex, race, color, national origin, religion, pregnancy, disability, or age (40 or older), or retaliation for opposing such discrimination.  Additionally, employees have the right to contact the EEOC directly at 1-800-669-4000, or the Colorado Civil Rights Division at 303-894-7855 or 1-800-886-7675, to report incidents of alleged discrimination or retaliation. Additional information is also found at [insert URL for new web resources].

The University of Denver assures employees that no University official will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or the Colorado Civil Rights Division.

This Notice shall remain posted for the term of the Consent Decree.


University of Denver


_____
Date: